T.C. Memo. 1998-76


UNITED STATES TAX COURT


DWAYNE WORTH CHAMP, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18866-96.                    Filed February 23, 1998.


Dwayne Worth Champ, pro se.

<u>Cheryl M. D. Rees</u>, for respondent.


MEMORANDUM OPINION


DINAN, <u>Special Trial Judge</u>:    This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

---

[1]    Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax for 1993 in the amount of $1,416.

The issue for decision is whether petitioner received and failed to report income during 1993.

Some of the facts have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein by this reference. Petitioner resided in Charlottesville, Virginia, on the date the petition was filed in this case.

Petitioner's occupation was not revealed in his petition or by the evidence presented at trial. From the limited record in this case, we have gleaned that petitioner worked as a construction laborer. On his 1993 return, petitioner reported receiving the following amounts during 1993:

| | |
|---|---|
| S. Di Gregorio & Son, Inc. | $7,692 |
| L. F. Jennings, Inc. | 1,587 |
| Dulles Drywall, Inc. | 870 |
| Charles Town Races, Inc. | 684 |

In the statutory notice of deficiency, respondent determined that petitioner received and failed to report: (1) Employee wages in the amount of $300 from American Property Construction Company (American); (2) nonemployee compensation in the amount of $2,099 from D&B Associates, Inc. (D&B); and (3) nonemployee compensation in the amount of $2,025 from Bryant Dickinson Drywall (Bryant).

Respondent's determinations in the statutory notice of deficiency are presumed to be correct, and petitioner bears the

burden of proving otherwise. Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). Section 61(a) includes in gross income all income from whatever source derived including, but not limited to, compensation for services. Sec. 61(a)(1).

<u>American</u>

Petitioner concedes that he received $300 for services performed as American's employee. We hold that such amount is includable in his gross income. Sec. 61(a)(1).

<u>D&B</u>

Petitioner concedes that he received nonemployee compensation from D&B for services performed during 1993. He disputes, however, respondent's determination that he received a total of $2,099 from D&B. Respondent submitted photocopies of 10 of D&B's canceled checks made out to petitioner in the total amount of $2,099. At trial, petitioner verified his signature on photocopies of the back of each of the 10 checks. Based on this evidence and petitioner's concession, we find that he received nonemployee compensation from D&B in the amount of $2,099 during 1993 and hold that such amount is includable in his gross income and is subject to self-employment taxes.

<u>Bryant</u>

Petitioner concedes that he received $2,025 for services performed for Bryant. He does not concede, however, that he is subject to self-employment taxes for such amount.

Section 1401(a) imposes a tax on self-employment income for old-age, survivors, and disability insurance. An additional tax for hospital insurance is imposed on self-employment income pursuant to section 1401(b). Self-employment income is defined as the net earnings from self-employment derived by an individual during any taxable year. Sec. 1402(b). The phrase "net earnings from self-employment" is in turn defined as the gross income derived by an individual from any trade or business carried on by such individual, less any attributable deductions. Sec. 1402(a).

Petitioner presented no evidence or testimony which supports a finding contrary to respondent's determination, and we accordingly sustain such determination.

To reflect the foregoing,

Decision will be entered

for respondent.
